IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER LEE JENKINS,

      Plaintiff,                    No. CIV S-04-1152 MCE GGH P

  vs.

J.G. ARCEO, et al.,

      Defendants.          ORDER

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint, filed in this court on May 2, 2005, was filed pursuant to the court's order filed on December 13, 2004.[1]

      As has been previously set forth, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff was granted extensions of time for filing his amended complaint by orders filed on January 20, 2005, on February 10, 2005, and on March 22, 2005.

1

1  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989); Franklin, 745 F.2d at 1227.

8  A complaint, or portion thereof, should only be dismissed for failure to state a
9  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
10 of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
11 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
12 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
13 a complaint under this standard, the court must accept as true the allegations of the complaint in
14 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
15 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
16 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17 The amended complaint states a colorable claim for relief against defendants
18 Correctional Officer (C/O) Buckner, Sgt. Foster, G.R. Wilson for shutting off the drinking water
19 in plaintiff's cell for a sustained period of time in retaliation for the filing of inmate appeals;
20 against defendant C/O Moors for failing to process plaintiff's mail to him and for initiating an
21 inmate assault upon plaintiff; against defendant C/O Wilson for placing handcuffs too tightly on
22 plaintiff; against Sgt. Pemberton for slamming plaintiff against a wall; against defendant Baker;
23 pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

24 Plaintiff's original complaint was dismissed largely as violative of Fed. R. Civ. P.
25 8.  Plaintiff had filed a 43-page complaint, naming some twenty defendants at two different
26 correctional facilities, with "a litany of unrelated allegations which appear to be largely

1  comprised of expressions of dissatisfaction with the prison's administration that generally do not
2  rise to the level of a constitutional deprivation." Order, filed on 12/13/04, p. 3.  Because plaintiff
3  had thrown disparate allegations together, often without linking them to named defendants, in an
4  overlong complaint, plaintiff was restricted to filing an amended complaint of no longer than 15
5  pages.  Plaintiff, however, was not restricted to the 15-page limit as to exhibits.  Plaintiff has
6  technically conformed to the filing restriction in having filed a 15-page complaint, but, as he
7  himself contends, he has included some 604 pages of exhibits.  See plaintiff's June 21, 2005
8  filing.  Moreover, although plaintiff dated the face of his complaint April 9, 2005, plaintiff
9  conceded in the 6/21/05 filing that he had mailed the amended complaint on April 28, 2005, a
10 fact which renders it untimely, even after plaintiff had been granted three extensions of time and
11 even by application of the mailbox rule, the last order allowing the third extension of time having
12 granted plaintiff until April 14, 2005 to file his amended complaint.   Nevertheless, the court has
13 screened the amended complaint.

14        As to the substance of the amended complaint, plaintiff has conformed with the
15 letter but not the spirit of the 15-page limitation.  Plaintiff does not cross-reference within his
16 complaint any of his 600-plus pages of exhibits, apparently attempting to shift his responsibility
17 to cull through the voluminous exhibits to the court in order to provide the underlying factual
18 predicate for his allegations.  Moreover, in the amended complaint, plaintiff once again strings
19 together myriad unrelated allegations against defendants, this time more than 60 of them, often
20 not clearly identifying those who are located at California Medical Facility (CMF)-Vacaville and
21 those who are employed at California Men's Colony (CMC), the chronology of events, and the
22 allegedly unconstitutional conduct for which a specific defendant is responsible.  Defendant
23 states generally that the events at issue occurred from 2002 to the present, but does not provide
24 any specific dates for any events or any discernible sequence.

25        Plaintiff claims that defendants J. Valadez, Vincent Cullen, Glen Riddle, V.
26 Sanchez, J.G. Arceo, Tony Loftin, N. Grannis, J.L. Schmidt, M. P. Gallagher, C. Semel, S. Ortiz,

T. Surges, James L. Deason, S.O. Kephart, B. Curry violated his constitutional rights by having a defective copy policy and/or unconstitutionally restricting his access to the courts when they restricted or denied him legal copies required to meet court deadlines. Amended Complaint (AC), pp. 2, 7, 10. Plaintiff was under an unfair burden with respect to various courts when his court deadlines were missed or when he was forced to seek extensions of time. Id. Plaintiff alleges that CMF has a burdensome copy policy because an unidentified procedure from a "non-binding manual" is implemented in place of an unidentified "binding administrative law" under Title 15 of the California Code of Regulations. Id. In addition, defendants ignored court rules that required pleadings to be filed in a specific manner. AC, p. 3. Plaintiff alleges that defendants prevented him from filing a claim, or delayed his doing so, such that he missed court deadlines, without specifically identifying what claim(s) he sought to file, which of the defendants prevented the filing and precisely how or when. AC, pp. 3, 7, 10. As to defendant Riddle, plaintiff makes the following claim:

> Glen Riddle prevented plaintiff from filing an administrative appeal when he promised to remove a section out of his memo that further restricted law library access if plaintiff withdrew the appeal he had filed. This memo would require people who use the law library at CMF to do nothing else but sort, highlight, hole punch and mail out paperwork. One would have no time to do legal research because the memo requires us to mail out everything before we leave.

AC, p. 3.

Plaintiff's allegation appears to be that defendant Riddle "prevented" plaintiff from filing an administrative appeal by granting plaintiff the relief plaintiff sought (excising a section from an unidentified memorandum) prior to the filing of the grievance, an allegation that appears to be wholly frivolous.

Plaintiff was informed in the court's prior order dismissing the original complaint that to state an unconstitutional deprivation of access to the courts claim, plaintiff must allege that he suffered an actual injury as a result of inadequate law library access. Lewis v. Casey, 518

U.S. 343, 348, 116 S. Ct. 2174 (1996). An actual injury would be actual prejudice with respect to a contemplated deadline or existing litigation, such as the inability to meet a filing deadline or present a claim. Id. Although plaintiff has made some effort to allege an actual injury beyond simply claiming that CMF has a defective copying policy, his broad and vague claim of injury is inadequate.

The Supreme Court has held that a prisoner alleging denial of meaningful access to the courts must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. at 351, 116 S. Ct. at 2180. The court held that before a denial of access to the courts claim can go forward, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Lewis v. Casey, supra, at 353, 116 S. Ct. at 353. Accordingly, before a claim of denial of access to the courts can proceed, an inmate must demonstrate that he was precluded or thwarted in his efforts to present a legally or factually arguable claim to the courts. Plaintiff has failed to do so in this instance in his allegation that he was deprived of his right of access to the courts as to a wholly unspecified claim and precisely by whom and when he was so prevented. Plaintiff's claims will be dismissed but plaintiff will be given one final opportunity to amend.

Plaintiff makes generic and undefined claims as to defendants N. Grannis, L. H. Dizung, J. Valdez, M. Veal, Crawford, Duncan, L. Buccinio, A. Swanson, Nadim K. Khoury, claiming without specificity that each has discriminated against Enhanced Outpatient (EOP) mental health patients at CMF, violating the Americans with Disabilities Act (ADA). AC, p. 3.

Plaintiff may bring a claim pursuant to Title II of the ADA against state entities for injunctive relief and damages. See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004); Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002). As noted below, it appears that plaintiff's injunctive relief claims have been mooted by his transfer, but he may seek money damages against state entities under the ADA; however, he cannot seek damages pursuant to the ADA against the defendants in their individual capacities. Eason v. Clark County School

Dist., 303 F.3d 1137, 1144 (9th Cir. 2002), citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir. 2001). Accordingly, plaintiff claims against the individual defendants under the ADA must be dismissed because plaintiff has not named a proper defendant.

Moreover, Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997). To state a claim under Title II, the plaintiff must allege four elements: 1) the plaintiff is an individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and 4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. Weinrich, 114 F.3d at 978

Plaintiff improperly claims that certain individual defendants (named above) deny EOP inmates at CMF (without properly naming that entity as a defendant) equal access to work, education, and incentive programs (or rehabilitation), telephone, church and law library to EOP inmates. AC, p. 3. In addition to failing to name a proper defendant, plaintiff does not expressly allege that he suffers from mental illness and has been classified as an "EOP" inmate. Moreover, plaintiff's claims with respect to telephone access do not involve access to a program covered by the ADA. While his claims with respect to a lack of equal access to vocational training or educational programs, the law library, and church services are colorable claims, because plaintiff does not name the appropriate defendant nor has he expressly set forth that he has a qualifying disability under the ADA, his claims against the individual defendants will be dismissed, but plaintiff will be granted one further opportunity to amend his complaint.

Plaintiff claims that defendants N. Grannis, P. Enriquez, Nadim K. Khoury, Buccinio, Dizmang, J. M. August, Swanson denied plaintiff mental health treatment. AC, p. 4. Plaintiff does not clarify what mental health treatment he was denied, but, instead broadly alleges that treating doctors' treatment plans have been stripped away by the defendants at the request of

individuals who are not mental health personnel. Id. "Continuing treatment, being housed in a cell rather than a dorm because of certain diagnoses is such a stripped away treatment plan thus denying the plaintiff mental health treatment...." Id. Plaintiff contends that "[d]iagnoses are not recognized in CDC and many patients are misdiagnosed because CDC only recognizes 8 diagnoses." Id. Plaintiff alleges that defendants Dizmang and Swanson approved the constitutional violations and that all the defendants named as part of this claim were put on notice but failed to correct the violations. Id. However, plaintiff never specifies what mental health condition he has, what particular treatment he was denied, nor what specific action any of the defendants named as part of this claim took in denying him such treatment. These claims will be dismissed with plaintiff granted leave to amend.

Plaintiff alleges that defendants D. L. Turner, A. Swanson, Dr. Hasheem, Nadim K. Khoury, M. Hodges, N. Grannis, Dr. Pacifico violated the ADA when certain unidentified medications were taken from him that were helpful to him and were replaced with medication documented not to be helpful. AC, p. 5. Plaintiff states no claim under the ADA against these individuals and to the extent that he seeks to state a violation of the Eighth Amendment under 42 U.S.C. § 1983, he has failed to do so.

As plaintiff has been previously informed, in order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

\\\\\

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff's vaguely stated claims with respect to the removal of unspecified medications replaced with other medications will be dismissed with leave to amend.

Plaintiff makes another vague and conclusory allegation with respect to another group of defendants: Crawford, M. Veal, Sgt. T. Winters, Joyce Thompson, Tony Loftin, Surges. AC, p. 5. He claims that these individuals "allowed money, intended for supplies, to be spent on unnecessary departments within CMF/CDC." Id. Without further clarification, plaintiff claims that he has "a right to supplies in prison" and that lack of these unspecified supplies amounts to a violation of his constitutional rights. Plaintiff's vague, unsupported claims of mismanaged money and missing supplies do not rise to the level of a constitutional deprivation he suffered. These claims will be dismissed.

Plaintiff claims that defendants K.L. Kirpinsky, R. McGahey, Nadim K. Khoury, M. Hodges-Wilkens, N. Grannis either wrote or allowed "a false psychology report to be used against the plaintiff initiating a misdiagnoses [sic] in retaliation for filing administrative

appeals." AC, p. 5.

Inmates have a right to be free from the filing of false disciplinary charges in retaliation for the exercise of constitutionally protected rights. Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). The Ninth Circuit treats the right to file a prison grievance as a constitutionally protected First Amendment right. Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997); see also Hines v. Gomez, 853 F. Supp. 329 (N.D. Cal. 1994) (finding that the right to utilize a prison grievance procedure is a constitutionally protected right, cited with approval in Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995)); Graham v. Henderson, 89 F.3d 75 (2nd Cir. 1996) (retaliation for pursing a grievance violates the right to petition government for redress of grievances as guaranteed by the First and Fourteenth Amendments); Jones v. Coughlin, 45 F.3d 677, 679-80 (2nd Cir. 1995) (right not to be subjected to false misconduct charges as retaliation for filing prison grievance); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (filing disciplinary actionable if done in retaliation for filing inmate grievances); Franco v. Kelly, 854 F.2d 584, 589 (2nd Cir. 1988) ("Intentional obstruction of a prisoner's right to seek redress of grievances is precisely the sort of oppression that section 1983 is intended to remedy" (alterations and citation omitted)); Cale v. Johnson, 861 F.2d 943 (6th Cir. 1988) (false disciplinary filed in retaliation for complaint about food actionable).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810

9

1 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

This is not to say that a vexatious grievance filer can never be punished. Vexatious litigants may be the subject of court discipline, and the undersigned would find it incongruous that while the courts can punish vexatious filings, prison officials may not. Indeed, the right to petition for grievances is not absolutely protected; such a right has no greater protection than speech in general. Rendish v. City of Tacoma, 123 F.3d 1216 (9th Cir. 1997). In the prison context, one's free speech rights are more constricted from what they would be on the outside. O'Lone v. Estate of Shabazz, 482 U.S. 342, 107 S. Ct. 2400 (1987). Again, plaintiff must show that the actions or omissions constituting the "retaliation" served no legitimate penological goal.

Plaintiff's allegations of retaliation are inadequately pled. He does not identify the circumstances of the "false psychology report," who wrote it, in what fashion any of the defendants in this claim "allowed" it, in what manner it was "false," and what specific grievances it was in retaliation for. This claim will be dismissed but plaintiff will be granted one final opportunity to amend.

Plaintiff alleges that, inter alia, defendants N. Grannis, F. Gonzalez, S. O. Kephart, R. Grenz, C/O Summers, Counselor Dominquez, Cpt. Schmidt denied plaintiff his right to mail, that his mail was intentionally rerouted, that his mail was marked "Not at CMF" and returned, that his legal mail was opened. AC, p. 6. Of course, plaintiff fails to identify which individual(s) are responsible for these actions and when and where they occurred. As to those defendants against whom plaintiff has identified more specific claims, they have been identified and found colorable. See above. As to the defendants otherwise set forth in this claim, Grannis, Gonzalez, Kephart, Grenz, Summers, Dominquez, Schmidt, they must be dismissed. Plaintiff is granted leave to amend.

1    Plaintiff alleges that defendant Lance Jensen denied plaintiff his right to redress a
2 grievance by assigning a citizen's complaint filed by plaintiff to another inmate.  AC, p. 7.
3 Thereafter defendant Jensen interviewed plaintiff on tape but did not inform plaintiff of the
4 outcome of the complaint.  Id.

5    The claim that plaintiff's grievance was assigned to another inmate is unclear.
6 The allegation regarding his not being informed of the outcome of an unidentified grievance does
7 not state a claim.  As plaintiff has been informed before, the alleged failure of prison officials to
8 adequately respond to plaintiff's appeal cannot be construed as a restraint on plaintiff's freedom
9 and thus does not amount to a deprivation of a liberty interest protected by the due process
10 clause.  Sandin v. Conner, 515 U.S. 472, 484,115 S. Ct. 2293, 2300 (1995); see also Mann v.
11 Adams, 855 F.2d 639, 640 (9th Cir. 1988) (finding "no legitimate claim of entitlement to a
12 [prison] grievance procedure.").   This claim will be dismissed.

13    Plaintiff has failed utterly to cure the defect in his original complaint, adding only
14 confusion by naming more defendants, with respect to a claim that defendants C/O Whitten, D.
15 Shankland, M. Veal, S. Ortiz, O. Crawford "discriminated against plaintiff by stripping him or
16 his ethnic and forced him into an ethnic of their choosing...."  This claim will be dismissed with
17 leave to amend one last time.  If plaintiff amends the claim, he must set forth some factual
18 support for a claim of discrimination.

19    Defendants J. Stocker, N. Grannis, M. Bradley, J. Bick, R. Meyers deprived
20 plaintiff of necessary medical treatment for an unspecified disease that is "progressively getting
21 worse causing permanent damage to plaintiff's liver."  AC, p. 7.  Plaintiff fails to identify what
22 treatment he has been denied and specifically when and which of the defendants was responsible
23 for which denial of treatment.  This claim is overly vague and will be dismissed, but plaintiff will
24 be given leave to amend.

25    Defendants D. Myers, R. Grenz, S.O. Kephart, B. Curry, R. Carney denied
26 plaintiff's right of access to the courts by refusing to provide plaintiff with an inmate trust

11

account statement. Plaintiff fails to identify any claim which he filed or attempted to file and on which he was unable to proceed as a result of being refused such a statement, nor does he set forth the circumstances of such a refusal, when it occurred and which defendant refused on which occasion. This claim will be dismissed. Plaintiff is granted leave to amend, but should not do so as to this, or any other, claim if he cannot cure its defects.

Even more vaguely, plaintiff alleges that defendants M. Cry, Sgt. Foster, Sgt. Goddard, Sgt. Stevens violated plaintiff's constitutional rights when "they knew about a serious harm towards plaintiff and did nothing about it," refusing to answer an appeal. AC, p. 8. This insufficiently specified claim will be dismissed.

Defendants N. Grannis, Dr. Pacifico, Dr. Beck, Robert McGahey, Dr. Diznang, H. Hasheem, A. Swanson, Nadim K. Khoury denied plaintiff adequate medical and mental health care "when they disregarded a serious medical need of the plaintiff when it was brought to their attention. Defendants falsified records and stated they seen [sic] the plaintiff when they had not." AC, p. 8. Plaintiff claims to have told defendants that he was having chest pains and dizzy spells which went untreated; defendants took a page out of his appeal, preventing third level review. Id.

Plaintiff sets forth a series of defendants yet again and generally vague claims that he does not link to a specific individual, and to the limited extent that he is specific, he is not sufficiently so. For example, he does not set forth who among the defendants are medical personnel who did not treat his chest pains and dizzy spells, when he had these conditions, at which facility and on which dates he sought treatment; he does not state who falsely claimed that he had been seen by medical staff. These claims will be dismissed but plaintiff will be granted one further opportunity to amend.

Defendant Jeff Griffin violated plaintiff's constitutional and civil rights "when he advertised and stated he investigates and would investigate the psychiatric violations brought to

\\\\\

1  his attention and did not." AC, p. 9. This wholly frivolous and unexplained claim will be
2  dismissed.

3  Defendants J.E. Boyd, R. Grenz, S.O. Kephart, B. Curry, Counselor Dominguez,
4  Counselor Ochoa, W. G. Pemberton, J. L. Schmidt, C. Buckley discriminated against plaintiff
5  when they did not allow him a job assignment he was capable of performing, telling him that he
6  was not capable as an EOP in the mental health delivery system. AC, p. 9.

7  As plaintiff was informed in a prior order with respect to any claim that he, as an
8  EOP inmate, is being wrongly deprived of prison work, he has no liberty interest in a prison job.
9  Rizzo v. Dawson, 778 F.2d 527, 531 (9thCir. 1985) (prisoners have no right to prison
10 employment). This claim will be dismissed with leave granted for plaintiff to amend to name the
11 proper defendant, as set forth earlier, in the context of a claim that he was discriminated against
12 in this matter under the ADA.

13 Plaintiff's makes an extremely vague claim that defendant D. M. Cornez violated
14 plaintiff's constitutional rights in allowing a wholly unidentified "administrative law" to be
15 "misused and applied incorrectly." AC, p. 9. Not only is this claim virtually unintelligible,
16 plaintiff has been previously informed that "state law violations do not, on their own, give rise to
17 liability under §1983." Moreland v. Las Vegas Metropolitan Police Department, 159 F.3d 365,
18 371 (9th Cir. 1998); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370-71 (9th Cir.1996).
19 This claim will be dismissed.

20 Defendants Harley G. Lapin, J. L. Schmidt, C/O Furnari, C/O Wilson, Sgt.
21 Pemberton, C/O Guy, J.C. Sanders, M. P. Gallagher violated plaintiff's constitutional and civil
22 rights "when they knew food was being tampered with putting plaintiff in danger and did nothing
23 about it." AC, p. 9. Plaintiff does not identify what "harmful things" were being placed in his
24 food, when this was done, at which facility, how the defendants were informed of it. This claim
25 will be dismissed.

26 \\\\\

1 Defendants N. Grannis, J. Stocker, R. McGahey, A. Swanson, Dr. Beck and Nadim K. Khoury violated plaintiff's constitutional rights when they denied plaintiff mental health programming for punitive reasons. AC, p. 10. Defendant Beck denied his right to "redress grievance" and "took reprisals on plaintiff for filing administrative appeals." Id. Once again, plaintiff has failed to flesh out these allegations sufficiently to make them colorable. Plaintiff appears earlier to have claimed that those in a mental health treatment program, in which he, at least impliedly, was included, were denied certain privileges. However, he seems to be saying here that mental health programming was not available to him. Plaintiff does not specify how or why he was entitled to mental health programming, when or where he was denied and how each of those named as responsible for the denial are implicated. He does not state how defendant Beck denied him an appeal or when or how defendant Beck retaliated against him for filing appeals.

To the extent that plaintiff is complaining of a classification decision, he has been informed in an earlier order that such decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569 (1972). A prisoner does not have a constitutional right to a particular classification status. Hernandez v. Johnston, 833 F.2d 1316, (9th Cir. 1987) (quoting Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S. Ct. 274, 279 (1976), wherein the Supreme Court, in a footnote, explicitly rejected a claim that "prisoner classification and eligibility for rehabilitative programs in the federal system" invoked due process protections, even where inmate suffers "grievous loss"). The United States Supreme Court has held that liberty interests protected by the Due Process Clause of the federal constitution arise only in connection with matters pertaining to the imposition of "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 484,115 S. Ct. at 2300. These claims will be dismissed with plaintiff granted one further opportunity to amend.

Plaintiff seeks both monetary damages and injunctive relief in this action. Less than two weeks after the filing of the amended complaint, plaintiff filed a notice of change of his address to the Correctional Training Facility in Soledad (CTF); therefore, just as plaintiff was cautioned in the earlier order with regard to injunctive relief claims as to CMF from which he had been transferred, to the extent he now seeks injunctive relief by this action as to any defendants at either CMF and CMC, his claims have been rendered moot. As plaintiff was previously informed, when an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot. See Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988). Plaintiff has demonstrated no reasonable possibility that he will be incarcerated at CMF-Vacaville or CMC at any predictable time in the future. Nor can plaintiff demonstrate a reasonable possibility that if re-transferred to CMF or CMC at some uncertain time in the future that he would be subject to the conditions of which he complains. Accordingly, plaintiff's claims for injunctive relief will be dismissed as moot.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is

because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is cautioned that should he file a second amended complaint, it may not exceed 15 pages. In addition, plaintiff may file no additional exhibits.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against J. Valadez, Vincent Cullen, Glen Riddle, V. Sanchez, J.G. Arceo, Tony Loftin, N. Grannis, J.L. Schmidt, M. P. Gallagher, C. Semel, S. Ortiz, T. Surges, James L. Deason, S.O. Kephart, B. Curry, L. H. Dizung, J. Valdez, M. Veal, Crawford, Duncan, L. Buccinio, A. Swanson, Nadim K. Khoury, P. Enriquez, Dizmang, J. M. August, D. L. Turner, Dr. H. Hasheem, M. Hodges, Dr. Pacifico, Sgt. T. Winters, Joyce Thompson, K.L. Kirpinsky, M. Hodges-Wilkens, F. Gonzalez, R. Grenz, C/O Summers, Counselor Dominquez, Lance Jensen, C/O Whitten, D. Shankland, J. Stocker, M. Bradley, J. Bick, R. Meyers, D. Myers, R. Carney, M. Cry, Sgt. Goddard, Sgt. Stevens, Dr. Beck, Robert McGahey, Dr. Diznang, Jeff Griffin, D. M. Cornez , J.E. Boyd, Counselor Dominguez, Counselor Ochoa, C. Buckley, Harley G. Lapin, C/O Furnari, C/O Guy, J.C. Sanders, are dismissed, as are plaintiff's claims against defendants C/O Wilson, Sgt. Pemberton, Sgt. Foster with the exception of those specific colorable claims set forth above as to defendants Wilson, Pemberton and Foster, for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

\\\\\

\\\\\

\\\\\

2. Upon filing a second amended complaint, not to exceed 15 pages or any additional exhibits, or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: 12/9/05

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
jenk1152.amd