IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER LEE JENKINS,

    Plaintiff,                    No. CIV S-04-1152 MCE GGH P

    vs.

J.G. ARCEO, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        On July 28, 2006, plaintiff, a state prisoner, requested that this action be dismissed without prejudice. Pursuant to Fed. R. Civ. P. 41(a), the action was dismissed, and the case closed, on August 9, 2006. Subsequently, on December 22, 2006, plaintiff brought a "motion to set aside the judgment," pursuant to Fed. R. Civ. P. 60(b).

        Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528, 125 S. Ct. 2641, 2645-46 (2005). Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial

1

> under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Plaintiff sought dismissal on the ground that he was being represented by counsel as to the same allegations that constituted the claims of his complaint herein. The basis for plaintiff's motion for relief from judgment is that he misunderstood what portions of the complaint were to be included in the complaint brought by counsel. Plaintiff states that some of the allegations of the first amended complaint herein were contained in a complaint brought by counsel; however, other portions were not. Motion, pp. 1-2.

Before that plaintiff had filed on June 21, 2005, a conditional dismissal motion, wherein plaintiff asked for dismissal should the court, upon screening his first amended complaint, either found the claims not cognizable under 42 U.S.C. § 1983 or planned "to suggest" the filing of a further amended complaint. By <u>Order</u>, filed on December 12, 2005, the first amended complaint was dismissed with leave granted to file a second amended complaint. By <u>Order</u>, filed on December 22, 2005, plaintiff's defective motion to dismiss was disregarded and plaintiff was cautioned that, should he seek voluntary dismissal, that he must file such a notice, pursuant to Fed. R. Civ. P. 41(a), without setting forth conditions. Plaintiff did not file a second amended complaint but instead elected to proceed on what claims were deemed colorable in the first amended complaint. In an <u>Order</u>, filed on April 18, 2006, the court found the first amended complaint appropriate for service upon seven (7) defendants; however, by concurrently filed <u>Findings and Recommendations</u>, the undersigned recommended dismissal of more than 60 defendants, and further recommended certain claims as to the seven remaining defendants be dismissed as well, which recommendations were adopted by <u>Order</u>, filed on July 7, 2006.

1           On June 27, 2006, the court directed the U.S. Marshal to serve process on the remaining defendants, plaintiff having submitted the requisite documents. Before any of waivers of service had been returned, plaintiff sought voluntary dismissal of this action on July 28, 2006, and the summons have since been returned unexecuted.

           Plaintiff has shown an ambivalence with regard to the prosecution of this litigation from the outset and an apparent reluctance to comply fully with the court's orders. He sought and obtained two extensions of time to file an in forma pauperis application, after the court had informed him that his initial affidavit was not complete. See, Orders, filed on July 9, 2004, August 11, 2004, September 10, 2004. When his complaint was dismissed with leave to amend, on December 13, 2004, largely as violative of Fed. R. Civ. P. 8, plaintiff sought and was granted two extensions of time to file an amended complaint. See, Orders, filed on January 10, 2005, and February 10, 2005. When the court informed him that no further extensions would be granted, he sought reconsideration and was granted yet a third extension of time to file an amended complaint, by Order, filed on March 22, 2005. Even so, plaintiff's first amended complaint was untimely, although the court proceeded to screen the amended complaint. Order, filed on December 12, 2005, p. 3. In the screening order, the court noted that while plaintiff had conformed to the letter, if not the spirit, of the 15-page limit for the amended complaint set forth in the initial dismissal order, plaintiff nevertheless submitted some 604 pages of exhibits.

           Plaintiff's basis for relief from judgment, that he did not know at the time he sought dismissal, precisely what claims counsel was going to proceed with in a separate complaint, simply does not constitute an adequate basis for the court to re-open this case. For one thing, it is apparent that the first amended complaint at this point would be duplicative of at least some of the claims, which he does not identify, that plaintiff states are being brought in a separate complaint. For another, if plaintiff is proceeding with counsel on some but not all of the claims that this court found colorable enough to proceed upon in a first amended complaint from which the vast majority of defendants and claims had been dismissed, on the face of it, leads to

3

the inference that counsel elected not to proceed upon the unincorporated claims because they simply lacked merit or were otherwise defective.  In any event, the undersigned cannot recommend re-opening this case, pursuant to Fed. R. Civ. P. 60(b), on this showing.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's December 22, 2006, "motion to set aside the judgment," pursuant to Rule 60(b), be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 8/14/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
jenk1152.60(b)